EXHIBIT 2

IN THE DISTRICT COURT OF MUSKOGEE COUNTY
STATE OF OKLAHOMA

FILED
ROBYN BOSWELL
DISTRICT COURT CLERK
SEP 12 2022
MUSKOGEE COUNTY, OK

BARBARA CLIMER, )
)
Plaintiff, )
)
vs. ) Case No.: CJ-22-252
)
DOLGENCORP, a Foreign Limited )
Liability Company, d/b/a DOLLAR ) ATTORNEYS LIEN CLAIMED
GENERAL, ) JURY TRIAL DEMANDED
)
Defendant. )

## PETITION

**COMES NOW** Plaintiff, Barbara Climer, by and through her attorneys of record, Wandres Law, PC, and for her claims for relief against the Defendant, Dolgencorp, L.L.C., d/b/a Dollar General ("Defendant Dollar General"), does hereby state and allege as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of Muskogee County, Oklahoma, and was at the time of the incident which gave rise to the claims for relief set forth herein.

2. On information and belief, Defendant Dollar General is a foreign limited liability company regularly conducting business in Muskogee County, Oklahoma.

3. The accident and injuries that are the subject of this dispute occurred in Muskogee County, Oklahoma.

4. Accordingly, this Court has jurisdiction over the matter and Venue is proper in Muskogee County, Oklahoma.

### FACTS COMMON TO ALL CLAIMS

5. Plaintiff re-pleads paragraphs 1 through 4 as though fully set forth herein.

6. On or around the 15th day of May 2021, in Muskogee County, Oklahoma, Plaintiff was an invitee at Defendant's place of business.

7. On said date, Plaintiff fell down within Defendant's business.

8. As a result of the above incident, Plaintiff suffered personal injuries.

## CAUSES OF ACTION
### I. Premises Liability

9. Plaintiff re-pleads paragraphs 1 through 4 and paragraphs 6 through 8 as though fully set forth herein.

10. Defendant owed a duty to Plaintiff, and all invites, to inspect the premises and warn of dangerous conditions.

11. By failing to inspect the premises and warn Plaintiff of dangerous conditions, Defendant breached the duty owed to Plaintiff.

12. Defendant's breach was the actual and proximate cause of Plaintiff's injuries.

13. As a result of Defendant's negligence, Plaintiff has suffered serious personal injuries; has and will suffer pain of mind and body; has and will incur medical expenses; has been disabled; and has been disfigured.

### II. Negligence

14. Plaintiff re-pleads paragraphs 1 through 4, 6 through 8, and 10 through 13 as though fully set forth herein.

15. Defendant owed a duty to Plaintiff, and all invitees, to use ordinary care in the operation and maintenance of its facility including, but not limited to, supervising and warning invitees of dangerous conditions.

16. By failing to use ordinary care in the operation and maintenance of its facility, Defendant's breached its duty.

17. The breach was the actual and proximate cause of Plaintiff's injuries.

18. As a result of Defendant's negligence, Plaintiff has suffered serious personal injuries; has and will suffer pain of mind and body; has and will incur medical expenses; has been disabled; and has been disfigured.

### III. Negligence Per se

19. Plaintiff re-pleads paragraphs 1 through 4, 6 through 8, 10 through 13, and 15 through 18 as though fully set forth herein.

20. Defendant owed a duty to Plaintiff, and all invitees, pursuant to Section 38-1 of the Muskogee Code of Ordinances to avoid anything that endangers or injuries the comfort, repose, health or safety of others. Section 38-1(1).

21. By failing to comply with the Muskogee Code or Ordinances, Defendant breached its duties and Oklahoma law.

22. These breaches were the actual and proximate causes of Plaintiff's injuries.

23. As a result of Defendant's negligence, Plaintiff has suffered serious personal injuries; has and will suffer pain of mind and body; has and will incur medical expenses; has been disabled; and has been disfigured.

**WHEREFORE,** Plaintiff prays for judgment against Defendant for (1) compensatory damages not to exceed the amount required for diversity jurisdiction pursuant to Section 132 of Title 28 of the United States Code; (2) statutory pre-judgment and post-judgment interest; (3) Plaintiff's costs, including reasonable attorney fees in

prosecuting this civil action; and (4) such other and further relief as this Court may deem just and proper.

Respectfully submitted,

WANDRES LAW, PC

*Patrick W. Wandres, OBA #21399
Brandy L. Wandres, OBA #20632
Loren R. Toombs, OBA #33357
1202 E. 33rd St.
Tulsa, OK 74105
Phone: 918-641-4044
Fax: 918-856-3409
*Attorneys for Plaintiff*